UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GEORGE HOGARTH,<br><br>　　　　　　　Petitioner,<br><br>　　　　v.<br><br>MERRICK GARLAND, ET AL.,<br><br>　　　　　　　Respondents. | Case No. 5:21-cv-1497-DSF (MAR)<br><br>MEMORANDUM AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [DKT. 3] AND DISMISSING THE PETITION [DKT. 1] |

**I.**

**INTRODUCTION**

On September 2, 2021, Petitioner, by and through counsel, filed a Petition for Writ of Habeas Corpus ("Petition") by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 and a Motion for Temporary Restraining Order ("Motion"). ECF Docket Nos. ("Dkt(s).") 1; 3. For the reasons set forth below, the Motion is **DENIED** and the Petition is **DISMISSED** with prejudice.

**II.**

**BACKGROUND**

On September 2, 2021, Petitioner filed the Petition challenging Petitioner's detention at the Adelanto Detention Center ("ADC"). Dkt. 1 at 2.[1] On the same day,

---

[1] All citations to electronically filed documents refer to the CM/ECF pagination.

1  Petitioner filed a Motion for Temporary Restraining Order, arguing he is entitled to
2  immediate release.  Dkt. 3 at 1–2.
3       Petitioner, a 52-year-old male from Jamaica has been a lawful permanent
4  resident since approximately April 8, 1989.  Dkt. 3 at 6.  Petitioner has been in the
5  custody of the Department of Homeland Security ("DHS") at the ADC in Adelanto,
6  California for twelve (12) months.  Id.  Petitioner argues that his prolonged detention
7  presents unconstitutional conditions when considered against the risk of infection by
8  COVID-19.  Id.

## III.
## DISCUSSION

**A.  PETITIONER'S CLAIMS ARE CONTROLLED BY A MANDATORY CLASS ACTION AND THEREFORE THE PETITION MUST BE DISMISSED**

**1.  Applicable law**

A member of a class action certified under Federal Rule of Civil Procedure 23(b)(2) ("Rule 23(b)(2)") cannot opt out.  Fed. R. Civ. P. 23(b)(2); see Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 360 (2011) (Rule 23(b)(2) "provides no opportunity for (b)(1) or (b)(2) class members to opt out.").  Furthermore, the court may dismiss a separate, individual suit for equitable relief brought by a class action member involving the same subject matter of the class action.  See Crawford v. Bell, 599 F.2d 890, 892–93 (1979) (holding that district court correctly dismissed portions of the complaint that duplicated the allegations and prayer for relief in the class action).

**2.  Analysis**

**a.  Petitioner is a member of a mandatory class action**

On April 13, 2020, Kelvin Hernandez Roman, Miguel Aguilar Estrada, and Beatriz Andrea Forero Chavez, on behalf of themselves and all others similarly situated, filed a combined petition for writ of habeas corpus and complaint for

injunctive and declaratory relief premised on a Fifth Amendment substantive due process claim based on the conditions of confinement at ADC.  See Roman, et al. v. Wolf, et al., 2:20-cv-768 TJH (PVCx) ("Roman").  On September 22, 2020, the Court certified the Roman class under Rule 23(b)(2) defining the class to include all who:

> (1) Are currently detained in civil immigration detention at the Adelanto Immigration and Customs Enforcement Processing Center;
> (2) Were detained in civil immigration detention at the Adelanto Immigration and Customs Enforcement Processing Center at any time between March 23, 2020, and the final disposition of this case but have been transferred by Bureau of Immigration and Customs Enforcement to another immigration detention facility, regardless of whether the other detention facility is within the Central District of California; or
> (3) Were detained in civil immigration detention at the Adelanto Immigration and Customs Enforcement Processing Center at any time between March 23, 2020, and the final disposition of this case but have been released pursuant to a temporary restraining order, a preliminary injunction, or other temporary release order issued by this Court.

See Roman, 2:20-cv-768 (Dkt. 52).

Plaintiff is currently detained in civil immigration detention at ADC and is therefore a mandatory member of the Roman class.  Dkt. 1 at 2.  Petitioner, therefore, cannot opt out of the class action.  Fed. R. Civ. P. 23(b)(2); Wal-Mart Stores, Inc. v. Dukes, 564 U.S. at 360.

### b. The Petition duplicates the allegations and prayer for relief in the class action

The class members in Roman seek release from custody based on Fifth Amendment due process violations at ADC during the COVID-19 pandemic.  See Roman, 2:20-cv-768 (Dkt. 1).  Similarly, here, Petitioner asserts five (5) due process claims based on alleged violations at ADC during the COVID-19 pandemic.[2]

---

[2] The Petition contains five (5) claims:

> (1) A Fifth Amendment claim under the state created danger doctrine ("Claim One");
> (2) A Fifth Amendment claim under the special relationship doctrine ("Claim Two");
> (3) A Fifth Amendment claim based on cruel and unusual punishment ("Claim Three");
> (4) A Fifth Amendment claim under the punitive detention doctrine ("Claim Four"); and

3

Accordingly, Petitioner seeks the same relief, release, based on the same allegations, rendering the Petition subject to dismissal.

## IV.

## **ORDER**

**IT IS THEREFORE ORDERED THAT** Petitioner's Motion is **DENIED** and the Petition is **DISMISSED** with prejudice.

IT IS SO ORDERED.

DATED: September 14, 2021

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

Presented by:

/S/_____
MARGO A. ROCCONI
United States Magistrate Judge

---

(5) A Fifth Amendment prolonged detention claim ("Claim Five"). Dkt. 1 at 21–35.

The first four (4) claims are clearly preempted by Roman. The fifth claim, prolonged detention, could be construed as being independent of the COVID-19-related circumstances. The Ninth Circuit has held immigration detention for over six months without a bond hearing is presumptively prolonged. See, e.g., Diouf v. Napolitano, 634 F.3d 1081, 1091 (9th Cir. 2011); see also Zadvydas v. Davis, 533 U.S. 678, 701 (2001). However, Petitioner had a bond hearing five (5) months ago and was denied release. Dkt. 1 at 37. Therefore, Petitioner's detention is not presumptively prolonged. Furthermore, the Motion relies on the first four (4) claims as justification for injunctive relief, but only mentions "prolonged detention" in the introduction in relation to COVID-19. Dkt. 3 at 2–16 ("Petitioner's prolonged detention, when considered against the serious risk he faces at the Adelanto Detention center amidst a global pandemic, present unconstitutional conditions."). Accordingly, Petitioner appears to be making a novel prolonged detention argument based on the COVID-19 pandemic, which would be based on the same allegations and seek the same relief as the Roman class action, which he is already a member of.

4